NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4647

LORI SMITH;
ROB FAM, INC.
t/a Liberty Square Cafe

v.

CITY OF LEBANON; LAWRENCE MINNICK;
DAVID LEAR; ROBERT ANSPACH

Lori Smith; Rob Fam, Inc., Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 1-07-cv-01207)
District Judge:  Honorable Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2010

Before: RENDELL, JORDAN, and GREENAWAY, JR., Circuit Judges

(Filed: July 19, 2010)

OPINION

GREENAWAY, JR., Circuit Judge.

Lori Smith and Rob Fam, Inc. (together, "Smith") initiated this civil rights action

under 42 U.S.C. § 1983 against the City of Lebanon; the Mayor of the City of Lebanon, Robert Anspach; and police officers Lawrence Minnick[1] and David Lear (collectively, "Defendants"). Smith alleges that Defendants violated Smith's constitutional rights by conducting "invasive" police enforcement activities in the vicinity of Smith's business, the Liberty Square Cafe (the "Tavern").[2] The District Court for the Middle District of Pennsylvania granted summary judgment in favor of Defendants. The District Court concluded that Smith failed to produce sufficient evidence to support any of her claims. We will affirm.

The District Court had jurisdiction over Smith's § 1983 action, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment and apply the same standard used by the district court. Azur v. Chase Bank, USA, Nat. Ass'n, 601 F.3d 212, 216 (3d Cir. 2010). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence in the light most favorable to the non-movant and draw all justifiable, reasonable inferences in the

---

[1] Lawrence Minnick is incorrectly referred to in the complaint as "Officer Minnich."

[2] Smith is the sole officer of Rob Fam, Inc. Rob Fam, Inc. has a part ownership in the Tavern.

non-movant's favor. Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009). Yet, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

We write solely for the parties and recount only the essential facts.

Before the District Court, Smith contended that Defendants' interactions with the Tavern, including surveillance, and investigation of reported crimes, constituted an "excessive intrusion." Smith alleged a unique theory under the First Amendment. Specifically, Smith maintained that Defendants interfered with her ability to engage in her business by conducting law enforcement activities in the area around the Tavern. In addition, she asserted that Defendants violated the Fourteenth Amendment's substantive due process clause by recommending that the Tavern's customers frequent other establishments. Smith also asserted a Fourteenth Amendment equal protection claim, which rests on her assertion that Defendants treated the Tavern differently from another bar which, like the Tavern, was also the subject of reports of criminality.

Smith presents one issue on appeal. She contends that the District Court erred in its application of the summary judgment standard. Specifically, she claims that the District Court resolved genuine issues of material fact rather than submitting those issues to the jury.

3

We are satisfied, after reviewing the record, that the District Court strictly adhered to the appropriate summary judgment standard. The District Court noted that it made all reasonable inferences in Smith's favor, and properly applied the relevant precedents to the undisputed material facts. The District Court determined that Smith failed to establish that the law enforcement activities she identified were other than lawful exercises of police power. We substantially agree with the District Court's analysis.

The District Court's grant of summary judgment to Defendants was proper because the three constitutional claims Smith raised below lack merit. The evidence Smith presented neither directly nor inferentially support her theories of liability. First, Smith's First Amendment rights were not violated because Smith and her clientele lack either an intimate or an expressive association. Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984). Smith has not presented, nor have we found, any authority to support her business interference theory of liability under the First Amendment. Second, Smith cannot establish any conscience-shocking behavior, under her Fourteenth Amendment substantive due process claim, on the basis of Mayor Anspach's alleged "micromanagement" of the officials involved, and Defendants' surveillance and investigation of the Tavern. County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1988). Third, the facts do not indicate, for purposes of Smith's equal protection claim, that Smith or the Tavern was intentionally singled out and treated differently, much less for an irrational reason. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per

4

curiam). Although "[o]ur court has not had the opportunity to consider the equal protection 'class-of-one' theory at any length," <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 239 (3d Cir. 2006), Smith's class-of-one claim resolutely fails.

On appeal, Smith offers a bare-bones mention of a Fourth Amendment violation, arguing that Defendants conducted illegal searches of the Tavern and of its patrons. Because Smith failed to raise this argument below, it is waived on appeal. <u>In re Ins. Brokerage Antitrust Litig.</u>, 579 F.3d 241, 261 (3d Cir. 2009).

There are no genuine issues as to any material facts in dispute, and Defendants prevail as a matter of law.[3] We will affirm the District Court's order granting summary judgment to Defendants.

---

[3] In her appellate brief, Smith failed to raise any challenge to the District Court's grant of summary judgment to Defendants on her civil conspiracy and municipal liability claims. Smith, therefore, has waived any such challenge. <u>In re Ins. Brokerage Antitrust Litig.</u>, 579 F.3d at 261. Because our resolution of Smith's substantive claims is dispositive, we need not reach the qualified immunity issue.

In the absence of any viable federal claim, the District Court properly declined jurisdiction over Smith's state law claims. <u>See</u> 28 U.S.C. § 1367(c)(3).